IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BERT MULLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| THE CITY OF FORT WORTH, RONALD SNYDER, | § | |
| BURT ROBINSON, JAMES ALEX, COOK | § | |
| CHILDREN'S MEDICAL, INC., WALTER THOMAS | § | |
| MICHAEL THOMAS, AND ERICA TYREE, | § | |
| Defendants | | |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Bert Mullins, Plaintiff, complaining of the City of Fort Worth, Ronald Snyder, Burt Robinson, James Alex, Cook Children's Medical Center, Inc., Walter Thomas, Michael Thomas, and Erica Tyree.

I.  PARTIES

1. Plaintiff Mullins is an individual who resides in Mansfield, Johnson County, Texas. The City of Fort Worth is a municipal corporation headquartered at the Fort Worth City Hall, 100 Energy Way, Fort Worth, Texas 76102. Defendants Ronald Snyder, Burt Robinson, and James Alex, are all members of the Fort Worth Police Department. (These four Defendants will sometimes be referred to collectively as the "Fort Worth Defendants.") Cook Children's Medical Center, Inc., ("Cook") is a corporation located at 801 7th Avenue, Fort Worth, Texas. Defendants Walter Thomas, Michael Thomas and Erica Tyree, are all

1

agents of Cook, and, together with Cook, will sometimes, hereinafter, be referred to as the "Cook Defendants."

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction over the Fort Worth Defendants lies under 28 U.S.C. § 1331 (federal question jurisdiction) because, as will be shown hereinbelow, Mullins asserts a claim against the Fort Worth Defendants, arising under 42 U.S.C. § 1983. Subject matter jurisdiction over the Cook Defendants lies under this court's pendant or ancillary jurisdiction because the claim against the Cook Defendants arises out of the same set of facts and circumstances as the claims against the Fort Worth Defendants. *In personum* jurisdiction against all defendants properly lies in the Fort Worth Division of the Northern District of Texas because all of the facts giving rise to all of the claims asserted herein took place in the Fort Worth Division.

## III. VENUE

3. Venue is proper in Fort Worth Division pursuant to §1391 (b) (i) in that this case is being filed in a district and division wherein all of the defendants reside.

## IV. SERVICE OF PROCESS.

4. The City of Fort Worth may be served by serving its mayor, Mattie Parker, Fort Worth City Hall, 100 Energy Way, Fort Worth, Texas 76102. Defendants Ronald Snyder, Burt Robinson, and James Alex may be served at the Fort Worth Police Department, 501 Jones St., Fort Worth, Texas 76102. Cook may be served by delivery of a copy hereof, together with a summons, to its registered agent for service of process, Rick Merrill, 801 7th Avenue,

Fort Worth, Texas 76104. Defendants Walter Thomas, Michael Thomas, and Erica Tyree may also be served at the same address.

V. FACTS

5. Plaintiff is 48 years old, and prior to the events giving rise to this suit was a process server, private investigator, and warrant investigator (that is, a person who tracks down persons who have broken the terms of their bail.) Prior to the events giving rise to this lawsuit, Plaintiff had no complaints whatsoever by any clients, police, or other agencies with whom he worked.

6. On May 18, 2022, Plaintiff was attempting to serve a subpoena to a contract doctor in Dodson Specialty Clinics which is owned by Defendant Cook. In spite of the fact that it is a crime under Texas Penal Code § 38.16 to intentionally or knowingly by words or physical action prevent the execution of civil process, the Cook Defendants all did, in fact, obstruct Plaintiff's attempt to serve that subpoena. Plaintiff also tried to show Defendant Michael Thomas the Penal Code § 38.16 and to demonstrate to him that Plaintiff had a legal reason to be there. It made no difference; Thomas ignored what Plaintiff was saying. He demanded Plaintiff's identification. Plaintiff walked back to his vehicle parked on Cooper St., got inside and called the client to see if he had a contact phone number for the doctor, in hopes he would come down to get the subpoena. The client said he would call Plaintiff back in just a minute. Plaintiff got out of his vehicle, walked back to the front of the Dodson building, and Thomas became even more belligerent, acting like he wanted to fight. Plaintiff walked further down to the corner of the sidewalk of the public drive through area (where Thomas has no authority); nevertheless, he kept coming at Plaintiff

in a threatening manner. Plaintiff finally put his phone and subpoena form down. In a bluff. Plaintiff told him that he was also a Level III security officer; that Plaintiff was packing as well and that Thomas needed to back down and de-escalate. The bluff worked. Thomas backed up and stopped advancing on Plaintiff and ceased his threatening demeanor. At that point, Erika Tyree walked up, and Plaintiff told Thomas to back away. Thomas started advancing on Plaintiff again and was told by Tyree to wait by the door. Plaintiff tried cordially to tell her he was not trying to cause any trouble, and what Plaintiff was doing there, and he also showed Tyree § 38.16 of the Penal Code. Tyree dismissively ignored it and called someone on her phone. Tyree tried to tell Plaintiff that Plaintiff had to serve their legal department, which is false. Then a third person pulled up proclaiming to be the security advisor Walter Thomas (in a personal vehicle with no security markings and not in uniform, a violation of state law.) Walter Thomas echoed the same thing about serving their legal department or leaving. Plaintiff told Thomas that he was completely wrong and also read to him § 38.16 Penal Code. Thomas completely ignored it, as well. Plaintiff told Thomas just to call 911 and get the Fort Worth Police Department out there. Plaintiff then walked back to the area where his vehicle was parked. All three security officers followed him back to it. At this point the security officers had abandoned their post and were all on a public street, again, where they have no authority. If something had happened to the hospital or clinic buildings, the security officers would have been personally liable as they were off hospital property. Thomas came up to the Plaintiff again, still arguing, and he gave his phone to their attorney on the other end. The attorney started trying to dictate to Plaintiff what he had to do and started laughing. Plaintiff hung

up on her and gave Thomas back his phone.  Thomas kept on with Plaintiffs' "two choices."  Plaintiff walked across the street still on the sidewalk.  Tyree came up to Plaintiff.  The wind blew Plaintiff's shirt open and Tyree saw Plaintiff's Taser.  Tyree demanded that the Taser be put back in Plaintiff's vehicle because Tyree said that it was a "weapon."  Plaintiff told Tyree that the Taser was not a "weapon" and even brought up on Plaintiff's phone the Texas statute that defined what weapons were in the Penal Code.  Tyree then started screaming at Plaintiff to put the Taser up, and Plaintiff told her no.  Due to the unlawful, erratic, confrontational, and threatening behavior of the armed security officers, Plaintiff went back to his vehicle, retrieved his pistol, concealed the pistol under his outer shirt and waited for the Fort Worth Police Department to arrive.  All of this occurred off the property on Cooper Street, where security has no authority over anything or anybody.  All three of Defendants three handwritten statements verified all of this.  The remainder of what happened with the two Fort Worth Police Officers is on bodycam.   James Alex violated Plaintiff's civil rights by presenting a false affidavit to a judge; he did not disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963).

7. Defendant Walter Thomas effectively filed a false police report by calling the police about alleged criminal trespass.  He had no authority to stop the Plaintiff and was not even on duty.  When he told Plaintiff "you can either leave [the subpoena] or go serve our legal department," his argument for criminal trespass became non-existent.  Thomas is on bodycam admitting this which show him out of uniform.

8. The first section in the Fort Worth Police Department general orders says:  "I will never act officiously or permit personal feelings, prejudices, animosities or friendships to

influence my decision. I will enforce the law courteously and appropriately without fear of favor, malice or ill will, never employing unnecessary force or violence and never accepting gratuities." Officer Ronald Snyder disregarded and violated almost all of these edicts, and this is easily provable. Obviously, the oath he took on day one was meaningless to him.

9. This complaint as to the Fort Worth Defendants is primarily against Officer Ronald A. Snyder, #3435, and also Officer Burt Robinson, #3740, for the events that occurred at Dodson Specialty Clinics on 5/18/22, case no. 220038602, This is for bias, corruption, neglect, dereliction of duty, failing to observe Fort Worth Police Departments general orders, as well as state and federal law, lying, fabricating non-existent charges, use of excessive force causing injuries, unlawful arrest and restraint, theft of a governmental document, failing to intervene in an unlawful arrest, involving them in a civil matter and instituting on Plaintiff a malicious and unlawful prosecution. Plaintiff does not understand why Officer Snyder felt like he could violate the law he is paid to and took an oath to enforce while also violating citizens' constitutional rights as well. Office Snyder should not get a free pass to violate the law and people's rights simply because he had a Texas Commission on Law Enforcement badge and gun. Officer Snyder was the most arrogant, egotistical, corrupt, reckless, inept, and incompetent police officer that Plaintiff has ever met in his life, and Plaintiff has worked with hundreds, including many other Fort Worth Police Officers. None have ever behaved the way he did. The Fort Worth Defendants violated Plaintiff's Second Amendment rights – seizure of his firearm and subsequent false and baseless suspension of his Texas License to Carry a Firearm and

6

continued suspension by magistrate judge of Plaintiff's right to own a firearm because of his unlawful actions. The Fort Worth Defendants also violated Plaintiff's Fourth Amendment rights – no probable cause, unlawful arrest, unreasonable seizure, theft of property, excessive force and injury. The Fort Worth Defendants violated Plaintiff's Fifth Amendment rights – deprivation of liberty and property without the process of law, private property taken, wrongful prosecution; as well as his rights under the Fourteenth Amendment.

10. As a consequence of all of the above, Plaintiff was charged with criminal trespass, unlawful carrying of a weapon, and aggravated assault of a security officer. Then Snyder changed the charge of violation of Penal Code section 46.03, "Places Weapons Prohibited" a third degree felony. These were spurious charges. The grand jury "no billed" the charge of aggravated assault of a police officer because it was pursued frivolously by the Fort Worth Defendants. The fact that it was "no billed" also demonstrates that it was not considered valid by the prosecutors who presented the matter to the grand jury.

## VI.    CAUSES OF ACTION

11. The Fort Worth Defendants violated Plaintiff's rights under the Second, Fourth and Fourteenth Amendments to the United States Constitution, thereby give rise to a cause of action for damages pursuant to 42 United States Code § 1983. The Fort Worth Defendants have no qualified or other sort of immunity given that they have violated this statute. *See Lamar v. Steele*, 698 2d 559 (Fifth Cir. 1983).

12. Plaintiff restates the facts above. By giving the relevant authorities false information concerning the ridiculous charges against Plaintiff of the unlawful carrying of a weapon

and aggravated assault of a police officer, the Cook Defendants proximately caused the absurd prosecution of Plaintiff and, therefore, are liable in damages for the tort of malicious prosecution.

## VII. COMPENSATORY DAMAGES

13. As a consequence of the actions of all Defendants, Plaintiff is no longer able to obtain income in his chosen field. Before the misconduct of the Defendants, Plaintiff was earning about $100,000 annually. As Plaintiff is presently 48 years of age, he will suffer lost income of at least $2,000,000. Additionally, Plaintiff suffered personal injuries inflicted by Defendant Snyder. These resulted in medical bills and a minor stroke (transient ischemic attack). Those these sorts of damages are inherently unliquidated and subject to the discretion of the jury, Plaintiff reasonably expects an award of an additional $300,000 for these damages. The City of Fort Worth is liable for these damages caused by Defendant Snyder under the doctrine of *respondeat superior*. Plaintiff requests judgment for these damages.

## VIII. EXEMPLARY DAMAGES

14. Because the conduct of all Defendants was malicious and intentional, Plaintiff will be entitled to an award of exemplary damages. Plaintiff requests judgment for these damages in the maximum amount allowed by Tex. Civ. Prac. & Rem. Code § 41.008, that is, $4,000,000.00.

## IX. ATTORNEYS' FEES

15. Pursuant to the authorities cited above, the Fort Worth Defendants are liable for an award of reasonable attorneys' fees. These are estimated to be $100,000 through the

jury trial; an additional $90,000 in the event of an appeal to the Court of Appeals; and, an additional award of $90,000 in the event review is sought in the Supreme Court of the United States. Plaintiff requests judgment for same.

## X. PRAYER

16. Plaintiff prays that (1) he be awarded all of the compensatory damages requested hereinabove; (2) that he be awarded all exemplary damages requested hereinabove; (3) that he be awarded all reasonable attorneys' fees requested hereinabove; (4) that he be awarded all pre-judgment and post-judgment interest allowable by law; and (5) that he be awarded such other damages, whether general or special, at law or in equity, to which the Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel. (214)478-0152
Fax: (214)481-1878
Web www.boydstap.com

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury.